Robert **GUIDRY**, Plaintiff–Appellee Cross–Appellant,

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 406, et al.,** Defendants–Appellants Cross–Appellees.

No. 87-4733.

United States Court of Appeals, Fifth Circuit.

May 22, 1990.

As Modified on Petition for Rehearing July 25, 1990.*

---

* Editor's Note: This opinion was originally published at 902 F.2d 335 and is republished here    incorporating the ordered modifications.

Robert H. Urann and Jerry L. Gardner, Jr., Metairie, La., for defendants-appellants, cross-appellees.

Maurice L. Tynes, Lake Charles, La. and Paul Alan Levy, Public Citizen Litigation Group, Washington, D.C., for plaintiff-appellee, cross-appellant.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before RUBIN, GARZA and KING, Circuit Judges.

PER CURIAM:

On March 19, 1990, the Supreme Court — U.S. ——, 110 S.Ct. 1465, 108 L.Ed.2d 603, vacated our judgment in *Guidry v. International Union of Operating Engineers*, 882 F.2d 929 (5th Cir.1989), and remanded for further proceedings in light of *Breininger v. Sheet Metal Workers International Association*, —— U.S. ——, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989). We, in turn, remand to the district court.

In *Breininger*, the Court held that the phrase "otherwise discipline" under sections 101(a)(5) and 609 of the Labor Management Reporting and Disclosures

Act of 1959 (LMRDA) denotes only that punishment "authorized by the union as a collective entity to enforce its rules." *Id.* 110 S.Ct. at 439. In other words, an action must be "undertaken under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership." *Id.* (*quoting Miller v. Holden,* 535 F.2d 912, 915 (5th Cir.1976)). The union need not, however, invoke formal proceedings, and discipline can entail informal or summary penalties as long as adverse action against a union member is not purely "ad hoc retaliation by individual union officers." *Id.,* 110 S.Ct. at 439 n. 15. "Discipline 'must be done in the name of or on behalf of the union as an organizational entity.' " *Id.* The petitioner in *Breininger* "alleged only that [certain union officers] failed to refer him to employment because he supported one of their political rivals." *Id.* at 440. Thus, the petitioner failed to allege acts constituting discipline by the union as a collective entity.

The Supreme Court's interpretation of the phrase "otherwise discipline" in determining whether hiring hall discrimination gives rise to a claim under sections 101(a)(5) and 609 of the LMRDA does not affect that portion of our panel opinion affirming liability and damages based on Guidry's claim that the Union breached its duty of fair representation under the Labor Management Relations Act, 29 U.S.C. § 159(a). *See Guidry,* 882 F.2d at 937 & n. 5. Therefore, this portion of our prior opinion is reinstated.

On the issue of LMRDA liability, we need remand only with respect to those claims potentially impacted by the Supreme Court's decision in *Breininger,* that is, Guidry's unlawful discipline claims based on sections 101(a)(5) and 609 of the Act.[1] *Breininger* does not alter the district court's judgment regarding the defendants' violations of Guidry's equal rights under section 101(a)(1) and right to free speech under section 101(a)(2). A litigant may suc-

cessfully seek redress under section 102 for an infringement of these LMRDA rights even if no unlawful "discipline" is shown. *Finnegan v. Leu,* 456 U.S. 431, 439, 102 S.Ct. 1867, 1872, 72 L.Ed.2d 239 (1982); *Murphy v. International Union of Operating Engineers, Local 18,* 774 F.2d 114, 122 (6th Cir.1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1201, 89 L.Ed.2d 315 (1986).

If Guidry wishes to pursue his unlawful discipline claims on remand, the district court must determine, in view of *Breininger,* whether the Union as a collective entity was responsible for hiring hall discrimination against him. The court should make new findings, taking additional evidence if needed, and render its judgment accordingly.

In our previous opinion in this case, we vacated the district court's award of LMRDA damages, holding that, due to an intervening Supreme Court case, *Reed v. United Transportation Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), the district court erred in applying a six-month statute of limitations to Guidry's LMRDA claims. *See Guidry,* 882 F.2d at 941–42. We remanded for a redetermination of damages based on violations occurring within one year of filing suit, applying Louisiana's one-year limitations period for delictual actions. *Id.* at 941–45. This holding is unaffected by *Breininger,* and we therefore remand for a reassessment of damages consistent with the discussion contained in our previous opinion. *Id.*

REMANDED.

## ON PETITION FOR REHEARING

PER CURIAM:

In our opinion dated August 29, 1989, this court affirmed a district court judgment in favor of plaintiff Robert Guidry (Guidry) as to the liability of the International Union of Operating Engineers, Local 406 and former and current Union leaders (the defendants) for violations of the Labor

---

**1.** Guidry's expulsion and the district court's reinstatement of Guidry to the Union are not at issue as expulsion is explicitly set out in the

LMRDA as a form of discipline. *See* 29 U.S.C. §§ 411(a)(5), 529.

Management Relations Act (LMRA), 29 U.S.C. § 159(a), and the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 411(a)(1), (2), (5), and 529. *Guidry v. International Union of Operating Engineers, Local 406,* 882 F.2d 929 (5th Cir.1989), *vacated,* — U.S. ——, 110 S.Ct. 1465, 108 L.Ed.2d 603 (1990). We remanded, however, for a reassessment of damages. *Id.* at 941–45. The Supreme Court subsequently vacated our judgment and remanded for further consideration in light of its decision in *Breininger v. Sheet Metal Workers International Association Local Union No. 6,* — U.S. ——, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989), a case that addressed the issue of whether hiring hall discrimination constituted "discipline" within the meaning of sections 101(a)(5) and 609 of the LMRDA, 29 U.S.C. §§ 411(a)(5), 529. We, in turn, remanded to the district court for further proceedings in light of *Breininger,* to the extent that *Breininger* affected our panel's prior opinion. *Guidry,* 902 F.2d 335 (1990). Of course, for the reasons explained in our prior opinion, a remand to the district court was necessary, in any event, to reassess Guidry's damages. *See Guidry,* 882 F.2d at 941–45 (holding that actual and punitive damages based on Guidry's LMRDA claims should be reassessed under a one-year limitations period).

Guidry now petitions this court for panel rehearing and for rehearing en banc. Guidry argues that a remand on the liability issue is required only as to those claims potentially affected by the *Breininger* decision—i.e., those claims based on sections 101(a)(5) and 609 of the LMRDA [2]—and that our mandate erroneously instructs the district court to make new determinations of liability on all of his claims. He contends that *Breininger* in no way impacts the district court's finding of liability based on the defendants' breach of the duty of fair representation under the LMRDA, 29 U.S.C. § 159(a). He also argues that the

district court's finding of liability under the LMRDA may be affirmed on the alternative grounds of Guidry's LMRDA equal rights and free speech claims, 29 U.S.C. §§ 411(a)(1), (2)—theories of recovery that were not addressed by the Supreme Court in *Breininger,* and that are not affected by the Court's decision in that case.

Having considered Guidry's motion for rehearing, we conclude that his complaint is well taken. Although it was not our intention to require the district court to reevaluate the defendants' liability for breach of the duty of fair representation, 29 U.S.C. § 159(a), or for violation of Guidry's rights to equal union member rights and free speech, 29 U.S.C. §§ 411(a)(5), 529, we admit that our mandate is not completely clear on this point. We therefore modify our prior order, by deleting the last full paragraph and substituting in its place the following four paragraphs.[**]

**2.** Guidry correctly notes that the Supreme Court's holding regarding a plaintiff's burden of pleading and proof under the LMRDA looks only to sections 101(a)(5) and 609 of the Act, 29 U.S.C. §§ 411(a)(5), 529, and is based on its

construction of the term "discipline" contained in those sections.

** Editor's Note: These paragraphs have been incorporated at the end of the opinion at 1493.