**Lawrence ESTENICH, Plaintiff,**

v.

**Robert HEENAN, et al., Defendants.**

**Civ. A. No. 94–5688.**

United States District Court,
E.D. Pennsylvania.

March 3, 1995.

Elliot B. Platt, Philadelphia, PA, for plaintiff.

Samuel L. Spear, Philadelphia, PA, for defendants.

### ORDER & MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 3rd day of March, 1995, upon consideration of defendants' Motion For Judgment As A Matter Of Law Or, In The Alternative, For A New Trial and plaintiff's response, it is hereby **ORDERED** that defendants' Motion is **DENIED.**

Plaintiff Estenich brought this action pursuant to Section 102 of the Labor–Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 412, alleging that defendants, the International Union of Oper-

ating Engineer, Local 542 (the "Local"), Robert Heenan, President of the Local, and Thomas Denise, Business Agent of the Local, violated Estenich's protected speech rights in union matters as guaranteed by the "Bill of Rights of Members of Labor Organizations." 29 U.S.C. §§ 411(a), (b); *see e.g., Reed v. United Transportation Union,* 488 U.S. 319, 325, 109 S.Ct. 621, 626, 102 L.Ed.2d 665 (1989). Estenich specifically claimed that the defendants caused his October 1992 demotion from the position of Master Mechanic because, in a hotly contested August 1992 union election, which was won by defendant Heenan's "Recovery Slate," Estenich was an active and known supporter of the "United Slate," the Recovery Slate's chief rival.

■ Prior to the initiation of this action, Estenich presented his claims to the National Labor Relations Board (the "NLRB"). At the conclusion of the administrative process, the NLRB found that the Local "caused [Estenich's employer] to remove Mr. Estenich from his position as Master Mechanic because of Estenich's opposition to union officials in an internal union election." *Wenner Ford Tractor Rentals, Inc.,* 315 NLRB No. 144 at 1. In particular, the NLRB found that Estenich had come forth with sufficient evidence that he "was removed from the master mechanic position because of his protected intra-union politics" and, in response, "the [Local and Estenich's employer] failed to demonstrate that Estenich would have been replaced in the absence of his support for the United Slate." *Id.* at 1–2. Under the doctrine of issue preclusion, these findings of the NLRB were binding on Estenich and the Local in the instant action. *See e.g., Wickman Contracting Co. v. Board of Educ.,* 715 F.2d 21, 26 (2d Cir.1983); *National Labor Relations Board v. Yellow Freight Systems, Inc.,* 930 F.2d 316, 319 (3d Cir.1991).

This action was tried before a jury on February 13th and 14th, 1995. After closing arguments, the court directed a verdict against the Local on the issue of liability. The court then submitted the issues of liability as to the individual defendants, compensatory damages and punitive damages to the jury. The jury found that Estenich was entitled to recover against the individual defendants and awarded Estenich compensatory damages for lost earnings in the amount of "$3,095 less any funds previously recovered [as a result of the NLRB proceedings]." [1] In addition, the jury awarded punitive damages of $3,000 against the Local, $1,500 against defendant Denise and $3,500 against defendant Heenan. Defendants now move pursuant to Rules 50(b) and 59, Fed. R.Civ.P., for post trial relief on four grounds.

■ Defendants' initial contention is that Estenich failed to state a cause of action under the LMRDA. Defendants argue that the LMRDA was enacted to reach only the union-member relationship, not the employer-employee relationship, and Estenich's claim is not actionable because it is based on a change in his employment status (i.e. employer-employee status) not a change in his status vis-a-vis the Local. Def's.Mot. at 2–7 (citing cases including *Breininger v. Sheet Metal Workers,* 493 U.S. 67, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989), *Finnegan v. Leu* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982), *Allen v. Allied Plant Maintenance Co. of Tennessee,* 636 F.Supp. 1090, 1097 (M.D.Tenn.1986) and *Caldwell v. ILA Local 1694,* 696 F.Supp. 132 (D.Del.1988)).[2] In short, defendants' contention is that only internal union "discipline" meted out in retaliation for protected activities is actionable under the LMRDA, and Estenich has claimed damages for actions outside the union-member relationship. *See Breininger,* 493 U.S. at 94, 110 S.Ct. at 440 (to establish violations of §§ 101(a)(5) and 609 of LMRDA plaintiff

---

**1.** The jury found that Estenich was not entitled to compensatory damages for emotional distress. *See Bollitier v. Int'l. Bhd. of Teamsters,* 735 F.Supp. 612, 622 (D.N.J.1989).

**2.** In *Breininger,* the Court noted:
We do not pass on petitioner's clam that certain of his rights secured by the LMRDA were "infringed" by respondent's conduct, in viola-

tion of § 102, 29 U.S.C. § 412 ... In addition, the § 102 issue is not within the relevant question on which we granted certiorari ("Whether a union's discriminatory refusal to refer its members to jobs constitutes "discipline" within the meaning of the [LMRDA]?"). *Breininger,* 493 U.S. at 94 n. 18, 110 S.Ct. at 440 n. 18.

must show "discipline" on part of union as an entity). This argument is inconsistent with the case law that recognizes the distinction between: (a) actions brought pursuant to § 609 of the LMRDA, which require plaintiffs to show that they were unlawfully "disciplined" by their union; and (b) actions brought pursuant to § 102 of the LMRDA, which require plaintiffs to demonstrate that their protected rights were "infringed." *Brenner v. Local 514, United Broth. of Carpenters*, 927 F.2d 1283, 1297–1299 (3d Cir. 1991); *Guidry v. Int'l. Union of Operating Engineers Local 406*, 907 F.2d 1491, 1493 (5th Cir.1990).[3] Estenich clearly articulated a viable § 102 claim by asserting that the defendants infringed on his protected speech rights by causing his dismissal from the Master Mechanic position in retaliation for his support of the United Slate. The NLRB found such retaliation on the part of the Local and concluded that Estenich's dismissal would not have occurred in the absence of this impermissible motive. *Wenner Ford Tractor Rentals, Inc.*, 315 NLRB No. 144 (citing *National Labor Relations Board v. Wright Line*, 662 F.2d 899 (1st Cir.1981)). The jury reached a similar conclusion with respect to defendants Heenan and Denise. Judgment in favor of Estenich and against the defendants on Estenich's § 102 claim was appropriate. *Sheet Metal Workers' Int'l. Association v. Lynn*, 488 U.S. 347, 354, 109 S.Ct. 639, 644, 102 L.Ed.2d 700 (1989); *Brenner*, 927 F.2d at 1299; *Guidry*, 907 F.2d at 1493; *Pygatt v. Painters' Local No. 277*, 763 F.Supp. 1301, 1309 (D.N.J.1991).

Defendants' second contention is that the instant action is barred by a six-month statute of limitations imposed by § 10(b) of the Labor–Management Relations Act (the "LMRA"). The court has previously considered this contention. Order of December 1, 1994. In a similar vein to 42 U.S.C. § 1983 claims, actions brought pursuant to § 102 of the LMRDA are governed by the applicable state general or residual personal injury statute of limitations. *Reed*, 488 U.S. at 324, 109

S.Ct. at 625; *Brenner*, 927 F.2d at 1295. Estenich's claims are not barred by the applicable two year statute of limitations.

Defendants' third contention is that the punitive damages awarded by the jury were excessive and, as a result, remittitur or a new trial on the issue of punitive damages should be ordered. Punitive damages may be awarded in § 102 actions. *Petramale v. Local No. 17 of Laborers' Int'l. Union of North America*, 847 F.2d 1009, 1013 (2d Cir. 1988); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 970 F.2d 1461 (6th Cir.1992); *Bollitier v. Int'l Bhd. of Teamsters*, 735 F.Supp. 612, 620 (D.N.J.1989). In light of the evidence presented at trial, the jury's determinations regarding punitive damages cannot be characterized as unfounded or "excessive." *See Bollitier*, 735 F.Supp. at 622; *Keenan v. City of Philadelphia*, 983 F.2d 459, 470–72 (3d Cir.1992). Defendants are not entitled to a new trial or remittitur on the issue of punitive damages.

Defendants' final contention is that the jury's award of compensatory damages was not supported by sufficient evidence and, accordingly, a reduction of the jury's award or a new trial on compensatory damages should be ordered. The jury's award of compensatory damages can be reasonably characterized as an award of lost wages for two periods: (a) from October 1992 to January 1993 when the Master Mechanic position at issue was filled by another member of the Local; and (b) from January 1993 to March 1994 when the Master Mechanic position was unfilled. Defendants claim that Estenich is not entitled to an award of lost wages for the second period because the Master Mechanic position was eliminated. At trial, Estenich advanced the theory that the Master Mechanic position was eliminated in the second period by the defendants in retaliation for Estenich's support of the United Slate. There was sufficient evidence presented at trial for a reasonable jury to find that the Master Mechanic position was eliminated in retaliation for Estenich's protected conduct.

---

**3.** Section 102 of the LMRDA, 29 U.S.C. § 412, states that:

[a]ny person whose rights secured by the provisions of this subchapter have been *infringed*

by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

Thus, the jury's compensatory damage award cannot be disturbed for the reason proffered by defendants.