**Lawrence ESTENICH, Plaintiff,**

v.

**Robert HEENAN, et al., Defendants.**

**Civ. A. No. 94–5688.**

United States District Court,
E.D. Pennsylvania.

March 10, 1995.

See 878 F.Supp. 43.

Elliot B. Platt, Philadelphia, PA, for plaintiff.

Samuel L. Spear, Philadelphia, PA, for defendants.

## ORDER & MEMORANDUM

KATZ, District Judge.

■ **AND NOW,** this 10th day of March, 1995, upon consideration of Plaintiff's Motion for Attorney's Fees and Costs, Defendants' Memorandum in Opposition to Plaintiff's Motion For Attorney's Fees and Costs, and Plaintiff's Supplemental Motion for Attorney's Fees and Costs, and Declaration,[1] it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** and plaintiff is awarded attorney's fees and costs in the amount of $9,966.90.[2]

■ A plaintiff who prevails on a claim brought pursuant to Section 102 of the Labor Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 412, may be awarded an appropriate attorney's fee. *Hall v. Cole,* 412 U.S. 1, 9, 93 S.Ct. 1943, 1948, 36 L.Ed.2d 702 (1973); *Marshall v. United Steelworkers of America,* 666 F.2d 845, 848 (3d Cir.1981), *cert. denied,* 459 U.S. 823, 103 S.Ct. 52, 74 L.Ed.2d 58 (1982). In *Hall,* the Court concluded that an award of counsel fees to a successful plaintiff in an action under § 102 of the LMRDA falls squarely within the traditional equitable power of federal courts to award such fees whenever overriding considerations indicate the need for such a recovery. *Hall,* 412 U.S. at 9, 93 S.Ct. at 1948 (citing *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–92, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970)). In *Marshall,* the Third Circuit held that in an LMRDA case "the test for an award of attorney's fees is whether counsel's work ... contributed to a result which can be said to be for the common benefit of all union members." *Marshall,* 666 F.2d at 848; *see also Pawlak*

---

1. Defendants have advised the court that they do not wish to file a separate response to plaintiff's Supplemental Motion.

2. The court awards this fee against the defendants jointly and severally. Defendants, citing *McDonald v. Oliver,* 525 F.2d 1217, 1228 (5th Cir.1976), argue that any fee award should be imposed only on the defendant union. In *McDonald,* the Fifth Circuit reasoned that the common benefit rationale does not justify a punitive award of attorney's fees against individuals unless the "individual ... has acted in bad faith vexatiously, wantonly, or for oppressive reasons." *Id.* In accordance with jury's finding that the individual defendants' conduct was sufficiently egregious to warrant punitive damages, the court finds imposing the fee award against the defendants jointly and severally is appropriate.

v. Greenawalt, *713 F.2d 972, 974–75 (3d Cir. 1983).*[3]

▪ In the instant action an award of attorney's fees is appropriate. First, actions to vindicate past abridgements of free speech rights are beneficial in that they curtail future transgressions and thereby contribute to the preservation of union democracy. *Hall,* 412 U.S. at 8, 93 S.Ct. at 1948. In this case, the beneficiaries of the action are the members of the defendant union and there is a reasonable basis for confidence that an appropriate amount of the costs of litigating this matter may be shifted with some precision to those benefiting. *Marshall,* 666 F.2d at 848.

Second, the compensatory damages available and awarded to plaintiff in this case were quite small in comparison to both the benefit to the members of the defendant union and the reasonable costs of pursuing this litigation. *See* Order of March 3, 1995, 878 F.Supp. 43. Thus, if fee shifting were not available in suits such as this, there would be a substantial likelihood that significant transgressions of free speech rights that caused only nominal money damages would go unchecked. *Hall,* 412 U.S. at 13, 93 S.Ct. at 1950 ("it is simply untenable to assert that in establishing the bill of rights under the Act congress intended to have those rights diminished by the unescapable fact that an aggrieved union member would be unable to finance litigation"); *but see Shimman v. Int'l Union of Operating Engineers, Local 18,* 744 F.2d 1226 (6th Cir.1984); *Guidry v. Int'l Union of Operating Engineers, Local 406,* 882 F.2d 929 (5th Cir.1989).

Finally, in the instant case the jury determined that each defendant's conduct was sufficiently egregious to warrant an award of punitive damages. *See* Order of March 3, 1995, 878 F.Supp. 43. This finding of the jury strengthens the above arguments as they apply to the specific facts of this case and further suggests that the court should exercise its equitable powers and shift the costs of this litigation to the offending parties.[4]

Plaintiff's counsel requests a total fee of $9,966.90 based upon 65.6 hours of attorney time at a rate of $150/hour and costs of $126.90.[5] Defendants do not challenge plaintiff's counsel's hourly rate and the court finds that the requested rate is reasonable given the skill of defense counsel and the rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience and reputation. Defs'. Mem. at 8; Platt Decla. ¶¶ 2–5; *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). However, defendants make two related challenges to the number of hours claimed. These challenges are based on the fact that plaintiff also pursued related claims before the National Labor Relations Board (the "NLRB").

Plaintiff's attorney in this action did not participate in the NLRB proceedings. Before the NLRB, plaintiff pursued the claim that he prevailed on in this action—that he was demoted in retaliation for his protected activity—and an additional claim—that he was later laid-off in retaliation for the same protected activity. *Wenner Ford Tractor Rentals, Inc.,* 315 NLRB No. 144. In the NLRB proceedings, plaintiff prevailed on his demotion claim and was unsuccessful with his lay-off claim. *Id.* The NLRB decision, which precluded any claim based on the lay-off in this action, was issued on January 3, 1995. *Id.; Wickman Contracting Co. v. Board of Educ.,* 715 F.2d 21, 26 (2d Cir. 1983); *National Labor Relations Board v.*

---

**3.** In *Hall,* the Court noted that "the rights enumerated in Title I were deemed vital to the independence of the membership and the effective and fair operation of the union as the representative of its membership" and concluded that "[v]iewed in this context, there can be no doubt that, by vindicating his own right of free speech guaranteed by § 101(a)(2) of Title I of the LMRDA, respondent necessarily rendered a substantial service to his union as an institution and to all of its members ... [a]nd by vindicating his own right, the successful litigant dispels the "chill" cast upon the rights of others." *Hall,* 412 U.S. at 8, 93 S.Ct. at 1948 (citations and footnotes omitted).

**4.** In addition, there is no indication that the payment of the plaintiff's counsel fees out of the defendant union's treasury might impair the defendant union's ability to operate effectively. *Hall,* 412 U.S. at 15 n. 23, 93 S.Ct. at 1951 n. 23.

**5.** Defendants do not challenge the request for costs and the court finds the request reasonable.

*Yellow Freight Systems, Inc.,* 930 F.2d 316, 319 (3d Cir.1991).

■ Defendants' first challenge is that time spent in calendar year 1993 (2.6 hours) should not be included in a fee award because that time was probably related to the NLRB action and not this action. The court finds that, as plaintiff's counsel was not the attorney in the NLRB proceedings, the 1993 hours should not be considered unrelated to this action or redundant because the introductory matters covered in 1993 were necessary to counsel's efforts in this action and his fee arrangement with plaintiff was based exclusively on this action. Platt Decla. ¶¶ 6–7. The 2.6 hours challenged by defendants were reasonably expended and not excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

■ Defendants' second challenge is that the hours expended prior to the NLRB's decision should be discounted by 65% because plaintiff was pursuing both his demotion and lay-off claims prior to the NLRB's decision and fee awards should be reduced for time spent litigating unsuccessful claims. Defs'. Mem. at 8. Plaintiff's counsel claims 20.6 hours for services completed prior to the NLRB's decision. Platt Decla. ¶ 7. In requesting that the court reduce these hours, the defendants focus on the amount of damages requested on the two claims—the lay-off claim being the more significant from this perspective—rather than the number of hours required to litigate the successful demotion claim if it stood alone. Defs'. Mem. at 8–9.

■ In passing on a motion for attorney's fees, courts may "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that *were distinct in all respects* from claims on which the party did succeed." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990) (citations omitted) (emphasis added). Here, the demotion claim and the lay-off claim were not distinct. The basis for the claims—retaliation for protected conduct during a union election—was identical in fact and law. Essentially all the factual and legal

research applicable to the demotion claim was applicable to the lay-off claim. Accordingly, there is no reasonable basis for the court to reduce the number of hours for the reason proffered by defendants. The hours expended by counsel on this matter prior to the issuance of the NLRB's decision were reasonable. *Hensley,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).